UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMIE JACKSON, individually and on behalf of all other similarly-situated citizens of Illinois and the United States,<br><br>Plaintiff,<br><br>v.<br><br>DOLE PACKAGED FOODS, LLC,<br><br>Defendant. | Case No.: 2022-cv-1448 |

**DEFENDANT DOLE PACKAGED FOODS LLC'S NOTICE OF REMOVAL**

Defendant Dole Packaged Foods, LLC ("Dole") hereby removes the above-captioned action from the Circuit Court for the Twentieth Judicial Circuit, St. Clair County ("Circuit Court of St. Clair County") to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453. The grounds for removal are as follows:

1. A defendant has a right of removal where an action is brought in a state court over which the district court has original jurisdiction.

2. This Court has original subject matter jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA") because (1) Plaintiff purports to assert this action on behalf of more than one hundred putative class members; (2) there is minimal diversity between the parties; and (3) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). Removal is proper under 28 U.S.C. §§ 1441, 1446, and 1453 because all three elements are met.

3. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the removed action was filed in the Circuit Court of St. Clair County, a court within the Southern District of Illinois.

**BACKGROUND**

4. On or about January 12, 2022, Plaintiff Jamie Jackson commenced this action (the "Action") by filing a putative class action complaint ("Complaint") against Dole, Case No. 22-LA-0022, in the Circuit Court of St. Clair County. A copy of the Complaint and the state court record as served upon the defendants is attached hereto as Exhibit A.

5. In the Complaint, Plaintiff alleges four causes of action against Dole:

   a. Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. (Deceptive Practices) (815 ILCS 505). (Compl., ¶¶ 46-53.)

   b. Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. (Unfair Practices) (815 ILCS 505). (Compl., ¶¶ 54-64.)

   c. Breach of Express Warranty Applicable to the Nationwide Class. (Compl., ¶¶ 65-73.)

   d. Unjust Enrichment Applicable to the Nationwide Class. (Compl., ¶¶ 74-78.)

6. These claims arise out of Dole's allegedly false and misleading marketing and advertising of the following Dole® Fruit Bowl® products labeled "in 100% fruit juice": Cherry Mixed Fruit; Diced Apples; Diced Pears; Mandarin Oranges; Mixed Fruit; Pineapple Tidbits; Red Grapefruit Sunrise; Tropical Fruit; and Yellow Cling Diced Peaches (collectively, the "Products"). (Compl., ¶¶ 1, 12.)

7. Plaintiff brings this action as a putative class action. Plaintiff seeks to certify both an Illinois Class and a Nationwide Class, which allegedly consist of "thousands of purchasers." (Compl., ¶¶ 36-38.)

8. Plaintiff seeks injunctive relief, compensatory damages, statutory and punitive damages, pre- and post- judgment interest, and attorneys' fees, among other relief. (Compl., 16, Prayer for Relief.)

9. Dole was served with a copy of the Summons and Complaint on June 8, 2022.

10. Dole has not responded to the Complaint.

11. For the sole and limited purpose of establishing the basis of this Court's jurisdiction over this Action, Dole assumes as true Plaintiff's allegations in the Complaint, but Dole denies any liability in this Action, both as to Plaintiff's individual claims and as to the putative class members' claims.

## REMOVAL IS PROPER IN THIS CASE

### I. The Court has Original Jurisdiction Pursuant to CAFA, 28 U.S.C. § 1332(d).

12. Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), federal district courts have original jurisdiction over any putative class action in which (1) there are at least 100 putative class members, (2) any putative class member is a citizen of a state different from any defendant, and (3) the aggregated claims of the members of the putative class exceed $5 million. Here, all three requirements are met.

### a. The putative class consists of more than 100 members.

13. CAFA defines "class action" as "any civil action filed under rule 23 of the Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

14. Here, the Complaint is titled "Class Action Complaint" and is brought by Plaintiff "individually and on behalf of all other similarly-situated citizens of Illinois and citizens of the United States." (Compl., at 1.) The Complaint also states that the "Classes consist of thousands of purchasers." (Compl., ¶ 38.) By Plaintiffs' own allegations, this element is met. *See Hendricks v. Oppenheimerfunds, Inc.*, 2010 WL 3834569, at * 1 (C.D. Ill. Sept. 15, 2010) (finding that defendants "may rely on [plaintiff's] allegations in the Complaint as evidence" to meet jurisdictional requirements).

### b. Minimal diversity exists between the parties.

15. CAFA requires only that "any member of the class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Generally, for diversity jurisdiction, "the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). For CAFA purposes, however, limited liability companies are "unincorporated associations" under 28 U.S.C. § 1332(d)(10) and their citizenship is determined as if they are corporations. *See Young v. Integrity Healthcare Communities, LLC*, 513 F. Supp. 3d 1043, 1051 n.2 (S.D. Ill., 2021*)*; *Havron v. AT&T, Inc.*, No. CIV. 09-1040-GPM, 2009 WL 5030760, at *2 n.2 (S.D. Ill. Dec. 16, 2009); *Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905, 909-12 (S.D. Ind. 2008). A corporation is deemed to be a citizen of every state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332 (c)(1).

16. Dole is a limited liability company organized under the laws of the State of California with its principal place of business located in California. (Compl., ¶ 14.) Accordingly, Dole is a citizen of California for purposes of determining CAFA jurisdiction. *See Young*, 513 F. Supp. 3d at 1051 n.2; *Havron*, 2009 WL 5030760, at * 2 n.2; *Bond*, 571, F. Supp. 2d at 909-12.

17. Plaintiff is a citizen of Illinois who resides and, on information and belief, is domiciled in St. Clair County, Illinois. (Compl., ¶ 13.)

18. CAFA's minimal diversity requirement is satisfied because Plaintiff and Dole are citizens of different states. *See* 28 U.S.C. §§ 1332(d)(2)(A).

### c. The amount in controversy requirement is satisfied.

19. This Action meets CAFA's amount-in-controversy requirement because Plaintiff's Complaint seeks relief that, in the aggregate, exceeds CAFA's $5 million jurisdictional threshold.

20. Under CAFA, the "claims of the individual class members must be aggregated." 28 U.S.C. § 1332(d)(6). "[T]he [CAFA] statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the . . . proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

21. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidence is only required if "the plaintiff contests, or the court questions, the defendant's allegation." *Id*.

22. Where, as here, the Complaint does not specify a particular amount in controversy, the Seventh Circuit applies a preponderance of the evidence standard to determine whether removal is appropriate. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("In such a case [where plaintiff provides little evidence about the value of their claims], a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence."). A removing party thus "must establish any disputed aspect of diversity jurisdiction by offering 'evidence which proves to a reasonable probability that jurisdiction exists.'" *Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003) (citation omitted). "This burden thus 'is a pleading requirement, not a demand for proof.'" *Bloomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (quoting *Spivey v. Vertrue Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). Where a defendant removes a civil action to federal court and its notice of removal includes a good-faith, plausible allegation that the amount in controversy exceeds the jurisdictional threshold, the "allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87-88.

23. Although Plaintiff denies the amount in controversy exceeds $5,000,000, the preponderance of the evidence demonstrates that the matter in controversy with respect to aggregated claims of the proposed class will exceed $5,000,000. *See* 28 U.S.C. § 1446(c)(2)(B) (requisite amount in controversy may be demonstrated by "preponderance of the evidence").

24. Here, Plaintiff seeks compensatory damages or restitution. (Compl., Prayer for Relief, ¶ (d).) Plaintiff alleges that if consumers had known the "truth," they "would not have purchased the product at all, or would have paid less for them." Thus, Plaintiff seeks for herself and the putative class compensatory damages corresponding to the amount consumers in Illinois and nationwide spent on the Products during the Class Period, which Plaintiff alleges is "the five years preceding the filing of this Complaint." (Compl., ¶ 36.)

25. As described in the Declaration of Brian Thomas filed in support of this Notice of Removal, the retail sales of the Products during the proposed Class Period in just Illinois exceed ██████. *See* Thomas Decl. ¶ 4. Thus, the compensatory damages at issue substantially exceed CAFA's jurisdictional threshold.

26. "Plaintiffs also bring claims under the ICFA, which permits the recovery of punitive damages." *Schwartz v. Campbell Soup Co.*, No. 18-CV-1655-NJR-DGW, 2019 WL 126188, at *2 (S.D. Ill. Jan. 8, 2019). "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211 (7th Cir. 1995). "If punitive damages are available, subject matter jurisdiction exists unless it is legally certain that the plaintiff will be unable to recover the requisite jurisdictional amount." *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542 (7th Cir. 2008). Here, Plaintiff expressly requests punitive damages. (Compl., Prayer for Relief, ¶¶ (e).)

27. Considering both the compensatory damages at issue and Dole's potential exposure on punitive damages, the amount in controversy significantly exceeds $5 million. Accordingly, CAFA's amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2).

### d. No CAFA Exceptions Apply Here.

28. This action does not fall within any exclusion to removal jurisdiction under 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675 (7th Cir. 2006).

## II. The Procedural Requirements for Removal Are Satisfied.

29. This Notice of Removal is timely filed. Dole was served with the Summons and Complaint on June 8, 2022. Dole filed and served this Notice of Removal within 30 days of service of the Complaint in compliance with 28 U.S.C. § 1446(b).

30. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibit A, is a true and correct copy of the Complaint, process, and other documents in the state court file as served on Defendants. Dole has not filed an answer or other response to the Complaint in the Circuit Court of St. Clair County prior to removal and is not aware of any currently pending motions in that court.

31. Pursuant to 28 U.S.C. § 1446(d) promptly upon filing this Notice of Removal, copies hereof will be sent to Plaintiff's counsel and filed with the Clerk of the Court of the Circuit Court of St. Clair County. Dole will also file proof of filing this Notice of Removal with the Clerk of Court of the Circuit Court of St. Clair County with proof of service on all parties.

## III. Reservation of Rights and Defenses.

32. Dole reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under the Federal Rules of Civil

Procedure, including Rule 12. In the event Plaintiff files a motion to remand, or the Court considers remand *sua sponte*, Dole respectfully results the opportunity to submit additional argument and/or evidence in support of removal.

## **CONCLUSION**

WHEREFORE, Dole removes this case from the Circuit Court of St. Clair County to the United States District Court for the Southern District of Illinois.

Submitted this 7th day of July, 2022.

        Respectfully submitted,

        FAEGRE DRINKER BIDDLE & REATH LLP

        */s/ Ruben I. Gonzalez*

        Sarah L. Brew (*Pro Hac Vice Forthcoming*)
        sarah.brew@faegredrinker.com
        Tyler A. Young (*Pro Hac Vice Forthcoming*)
        tyler.young@faegredrinker.com
        Rory Collins (*Pro Hac Vice Forthcoming*)
        rory.collins@faegredrinker.com
        Faegre Drinker Biddle & Reath LLP
        2200 Wells Fargo Center
        90 S. Seventh Street
        Minneapolis, MN
        Phone: (612) 766-7000
        Fax:   (612) 766-1600

        Ruben I. Gonzalez (ARDC# 6320689)
        ruben.gonzalez@faegredrinker.com
        Faegre Drinker Biddle & Reath LLP
        320 S. Canal Street, Suite 3300
        Chicago, IL 60606
        Phone: (312) 569-1000
        Fax:   (312) 569-3000

        *Attorneys for Dole Packaged Foods, LLC.*

**CERTIFICATE OF SERVICE**

This is to certify that I have this 7th Day of July, 2022, I served a copy of the foregoing Notice of Removal upon the following counsel of record via U.S. Regular Mail:

David C. Nelson
Nelson & Nelson, Attorneys at Law, P.C.
429 North High Street, P.O. Box Y
Belleville IL 62220
Tel:    618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong
Armstrong Law Firm LLC
8816 Manchester Road No. 109
St. Louis, MO 6344
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

Stuart L. Cochran
Cochran Law PLLC
12720 Hillcrest Road Suite 1045
Dallas, Texas 75230
Te;: 972-387-4040
Email: stuart@scochranlaw.com

*Attorneys for Plaintiff and the Putative Class*

                                       /s/ *Ruben I. Gonzalez*
                                       Ruben I. Gonzalez