# EXHIBIT A



## Service of Process Transmittal Summary

**TO:**    Tami Averna, Senior Paralegal
DOLE PACKAGED FOODS, LLC
3059 Townsgate Road, Suite 400
Westlake Village, CA 91361

**RE:**    **Process Served in California**

**FOR:**    Dole Packaged Foods, LLC  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JAMIE JACKSON, individually and on behalf of all other similarly-situated citizens of Illinois and the United States vs. DOLE PACKAGED FOODS, LLC |
| **CASE #:** | 224A022 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/08/2022 at 10:46 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Timothy J Oswald  tim.oswald@doleintl.com |
| | Email Notification,  Tami Averna  tami.averna@doleintl.com |
| | Email Notification,  Jasmine Arias  jasmine.arias@doleintl.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
866-331-2303
CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                Wed, Jun 8, 2022
**Server Name:**                         DROP SERVICE

| Entity Served | DOLE PACKAGE FOODS LCL |
|---|---|
| Case Number | 224A022 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



Electronically Filed
Marie Zaiz
Circuit Clerk
Ashley Doughty
22LA0022
St. Clair County
1/12/2022 10:40 AM
16263555

L.A. COUNTY SHERIFF
CIVIL MGMT BUREAU
LOS ANGELES OFFICE

## CIRCUIT COURT FOR THE 20ᵀᴴ JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

| | | |
|---|---|---|
| JAMIE JACKSON, individually and on behalf of all other similarly-situated citizens of Illinois and the United States, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 22LA0022 |
| DOLE PACKAGED FOODS, LLC, | ) ) | |
| Defendant. | ) | |

Serve: Dole Packaged Foods, LLC
CT Corporation System RAGT
818 West 7th St.
Los Angeles CA 90017

### CLASS ACTION COMPLAINT

Plaintiff, Jamie Jackson, individually and on behalf of all other similarly-situated citizens of Illinois and citizens of the United States, alleges the following facts and claims upon personal knowledge, investigation of counsel, information and belief.

### NATURE OF THE CASE

1.     This case arises out of deceptive, unfair, and false merchandising practices of Dole Packaged Foods LLC ("Defendant") with respect to its Dole brand Cherry Mixed Fruit; Diced Apples; Diced Pears; Mandarin Oranges; Mixed Fruit; Pineapple Tidbits; Red Grapefruit Sunrise; Tropical Fruit; and Yellow Cling Diced Peaches with the label "in 100% fruit juice" (collectively, the "Fruit").

2.      On the label of the Fruit, Defendant prominently represents that the Fruit is "in 100% fruit juice," which leads Illinois and United States consumers to believe that the juice in the container is in fact 100% fruit juice and contains no other added ingredients.

3.      However, in addition to various fruit juices, the Fruit's juice also contains ascorbic acid and citric acid (the "Added Ingredients").

4.      While ascorbic acid may be a source of Vitamin C, food-grade ascorbic acid is a commercially-manufactured food additive used in processed foods primarily as an antioxidant used to control the growth of microorganisms, i.e. a preservative.

5.      Ascorbic acid is not fruit juice.

6.      While citric acid may be found naturally in citrus fruits, food-grade citric acid is a commercially-manufactured food additive used in processed foods primarily as a pH adjuster to induce tart flavor and control the growth of microorganisms, i.e. a flavor agent and/or a preservative.

7.      Citric acid is not fruit juice.

8.      The Fruit contains the Added Ingredients in direct contravention to its express representation that it is "in 100% fruit juice."

9.      Plaintiff and reasonable consumers reasonably believe, define, and assume that Fruit labeled "in 100% fruit juice" is in fact in 100% fruit juice and does not contain any added ingredients.

10.     Because the Fruit contains the Added Ingredients, the representation that the Fruit is "in 100% fruit juice" is unfair, false, deceptive, and misleading.

11.     Defendant's misrepresentation unlawfully causes Plaintiff and Class Members to pay an inflated price for the Fruit.

12.     Plaintiff brings this case to recover damages and for injunctive relief as a result of

Defendant's false, deceptive, and misleading marketing and advertising in violation of the Illinois

Consumer Fraud and Deceptive Business Practices Act ("ICFA") and common law.

## PARTIES

13.     Plaintiff, Jamie Jackson, is an Illinois citizen residing in Mascoutah, St. Clair

County, Illinois. On numerous occasions during the Class Period (as defined below), including as

recently as April 1, 2021, Plaintiff purchased Defendant's Mixed Fruit at Schnuck's Market in

Belleville for personal, family, or household purposes after reviewing the packaging label and

noting that it said "in 100% fruit juice." The purchase price of the Fruit was $3.29 per unit.

Plaintiff's claim is typical of all class members in this regard. Moreover, the label of each of the

Fruit is substantially similar such that Plaintiff has standing to bring claims on behalf of Fruit she

has not actually purchased.

14.     Defendant, Dole Packaged Foods, LLC, is a California limited liability partnership

with its principal place of business in Westlake Village, California.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action because the amount in

controversy exceeds the minimum jurisdictional limits of the Court.

16.     Plaintiff believes and alleges that the total value of her individual claims is, at

most, equal to the refund of the purchase price she paid for the Fruit. There is therefore no

diversity jurisdiction over this case.

17.     Because the value of Plaintiff's claims is typical of all class members with respect

to the value of the claim, the total damages of Plaintiff and class members, inclusive of costs and

attorneys' fees is far less than the five-million dollars ($5,000,000) minimum threshold to create

federal court jurisdiction. There is therefore no CAFA jurisdiction for this case.

18.     Defendant cannot plausibly allege that it had sufficient sales of the Fruit during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

19.     This Court has personal jurisdiction over Defendant because Defendant has more than minimum contacts with the State of Illinois and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant committed affirmative tortious acts within the State of Illinois that gives rise to civil liability, including distributing the Fruit for sale throughout the State of Illinois and the United States.

20.     Venue is proper in this forum pursuant to 735 ILCS 5/2-101 because the transaction out of which the causes of action arose occurred in this county.

## ALLEGATIONS OF FACT

21.     Defendant produces, markets, and sells the Fruit throughout the United States, including Illinois.

22.     Defendant affixed a label to the containers in which it sells its Fruit stating "in 100% fruit juice." The label misleads consumers because it misstates the ingredients in the Fruit.

23.     Defendant then placed the Fruit with the misleading labels into the stream of commerce, where it was purchased by Plaintiff and Class Members.

24.     Reasonable consumers in Illinois and in the United States assume that food product labeling is true and accurate, and manufacturers, including Defendant, know that reasonable consumers rely upon those labels in making their purchasing decisions.

25.   Plaintiff and reasonable consumers rely on the truth and accuracy of Defendant's labels, including representations about the ingredients and contents when purchasing food products.

26.   The misrepresentation described herein is material in that it concerns the type of information upon which a reasonable consumer would be expected to rely in deciding whether to purchase the Fruit. Specifically, the claim that the Fruit is "in 100% fruit juice" is a material fact.

27.   Defendant claims that the Fruit is "in 100% fruit juice" when it actually contains the Added Ingredients. Because the Added Ingredients are not fruit juice, the claim "in 100% fruit juice" is inaccurate, deceptive, unfair, and misleading to purchasers.

28.   Reasonable consumers, including Plaintiff, therefore pay more for the Fruit "in 100% fruit juice" that they do not actually receive, and for which they would have paid less or not purchased at all had the truth been known.

29.   At all times, Defendant intended for consumers including the Plaintiff to rely on the label's representation that the Fruit is "in 100% fruit juice." Otherwise, the "in 100% fruit juice" representation serves no purpose.

30.   Plaintiff and reasonable consumers have been actually deceived by Defendant's misrepresentation.

31.   At all times, Defendant's misrepresentation was intentional. Defendant knew (a) what ingredients it was putting in the Fruit; (b) that its own label misrepresented what ingredients were in the Fruit; (c) that reasonable consumers would view, assume true, and rely upon information on the "in 100% fruit juice" representation in making their purchasing decisions; (d) that the label misstated the true nature of the ingredients in the Fruit; (e) that it was not giving the

consumer the benefit of the bargain; and (f) that it was fraudulently charging consumers for Fruit with Added Ingredients while claiming no Added Ingredients were present.

32.     Defendant's misrepresentation constitutes unfair or deceptive acts or practices, including but not limited to the use or employment of a deception, fraud, false pretense, false promise, or misrepresentation within the meaning of the ICFA

33.     As to the particulars of Defendant's fraudulent conduct, Defendant intentionally and knowingly misrepresented the ingredients in the Fruit by falsely claiming that the Fruit is "in 100% fruit juice," which it intended consumers to rely upon whenever they read the label and purchased the product.

34.     Plaintiff provided pre-suit notice of a breach of warranty, having apprised the Defendant in writing of the problem with the Fruit that she purchased.

35.     There is substantial danger that the Defendant's wrongful retail practices will continue because Defendant continues to advertise, distribute, label, manufacture, market and sell the Fruit in a false, misleading, unfair and deceptive manner, all while denying same.

## CLASS ALLEGATIONS

36.     Pursuant to 735 ILCS 5/2-801 *et. seq.*, Plaintiff brings this action on her own behalf and on behalf of proposed classes of all other similarly situated persons ("Class Members" of the "Class") consisting of:

**The "Illinois Class" applicable to Count I:**

All citizens of Illinois who purchased Dole brand Cherry Mixed Fruit; Diced Apples; Diced Pears; Mandarin Oranges; Mixed Fruit; Pineapple Tidbits; Red Grapefruit Sunrise; Tropical Fruit; and/or Yellow Cling Diced Peaches with the label " in 100% Fruit Juice" for personal, family, or household purposes during the five years preceding the filing of this Complaint (the "Class Period").

**The "Nationwide Class" applicable to Counts II and III:**

All current citizens of the United States who purchased Dole brand Cherry Mixed Fruit; Diced Apples; Diced Pears; Mandarin Oranges; Mixed Fruit; Pineapple Tidbits; Red Grapefruit Sunrise; Tropical Fruit; and Yellow Cling Diced Peaches with the label "in 100% Fruit Juice" for personal, family, or household purposes during the Class Period.

37.     Excluded from the Classes are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, its legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

38.     Upon information and belief, the Classes consist of thousands of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

39.     There are numerous and substantial questions of law or fact common to all of the members of the Classes and which predominate over any individual issues. Included within the common question of law or fact are:

a.      whether the Fruit labels are false, misleading, and deceptive;

b.      whether Defendant violated ICFA by selling the Fruit with false, misleading, and deceptive representations;

c.      whether Defendant's acts constitute unfair, deceptive and/or fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

d.      whether Defendant breached express and/or implied warranties to Plaintiff and the Class Members;

e.      whether Defendant intended that Plaintiff and the Class Members would rely on its representations;

f.      whether Defendant's acts constitute deceptive, unfair, and fraudulent business acts and practices or deceptive, untrue, and misleading merchandising practices;

g.      whether Defendant was unjustly enriched; and

h.      the proper measure of damages sustained by Plaintiff and Class Members.

40.      The claims of Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members and there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting the Classes.

41.      Class Members and Plaintiff have no interests adverse to the interests of other Class Members.

42.      Plaintiff will fairly and adequately protect the interests of Class Members and has retained competent and experienced counsel.

43.      A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.      the claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Classes;

b.      absent Classes, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

c.      given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

       d.      when the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

       e.      this action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

44.    Because Plaintiff seeks relief for all Class Members, the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual member of the Classes, which would establish incompatible standards of conduct for Defendant.

45.    Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Classes would, as a practical matter, be dispositive of the interest of other members of the Classes who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

### COUNT I

#### Violation of ICFA applicable only to the Illinois Class
#### (Deceptive Practices)

46.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-45 as if fully set forth herein.

47.    The ICFA declares the following to be unlawful: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any

deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce." 815 ILCS 505/2.

48.     Defendant engaged in a deceptive practice by misrepresenting that the Fruit is "in 100% fruit juice," when the product actually contains the Added Ingredients. The product was therefore worth less than the product as represented, consumers paid a price premium which they would not have paid absent Defendant's misrepresentations, and consumers did not receive the benefit of their bargain.

49.     Defendant intended Plaintiff and reasonable consumers would rely on the deceptive practice because Defendant is aware that consumers like Plaintiff and Class Members are interested in purchasing products without added ingredients and that are consistent with representations made on their packaging. Defendant intended to prey on these interests.

50.     Defendant's misrepresentation is material because it conveys false information that reasonable consumers would rely upon when considering whether or not to purchase the product.

51.     Defendant's deceptive practice occurred in the course of Defendant's trade or commerce because Defendant is in the business of manufacturing, distributing, and selling the Fruit, and it does so throughout the United States, including throughout Illinois and in St. Clair County.

52.     Defendant's deceptive practices proximately caused Plaintiff and consumers actual damages, because:

      a.    neither Plaintiff nor any reasonable consumer would expect to find the Added Ingredients in fruit labeled "in 100% fruit juice;"

      b.     consumers purchase the product believing they will receive fruit in 100% fruit juice but they do not actually receive fruit in 100% fruit juice because of the presence of the Added Ingredients; and

      c.     consumers therefore do not receive the benefit of the bargain.

53.     These damages include the purchase price of the product or the difference between what Plaintiff paid for the product and what the product was actually worth, or the price premium associated with the deceptive practice. Because the product was not as represented, the product as sold was worth less than the product as represented, and Plaintiff and Class Members paid an excess amount for it. Had the truth be known, consumers would not have purchased the product at all, or would have paid less for them.

## COUNT II

### Violation of ICFA applicable only to the Illinois Class
### (Unfair Practices)

54.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-45 as if fully set forth herein.

55.     The ICFA declares the following to be unlawful: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce." 815 ILCS 505/2.

56.     Defendant engaged in unfair acts or practices by including the Added Ingredients in the Fruit without including the phrase "with added ingredients" to modify the "in 100% fruit juice" claim on the Fruit's label.

57.     Defendant intended that Plaintiff and reasonable consumers would rely on the unfair acts or practices because Defendant did not disclose the presence of the Added Ingredients on the front of the label of the Fruit. Rather, Defendant said the product is "in 100% fruit juice," intending that consumers would rely on the accuracy of the front of the label. Defendant is aware that consumers like Plaintiff and Class Members are interested in purchasing products without added ingredients and that are consistent with representations made on their packaging. Defendant intended to prey on these interests.

58.     Defendant's unfair acts or practices occurred in the course of Defendant's trade or commerce because Defendant is in the business of manufacturing, distributing, and selling the Fruit, and it does so throughout the United States, including throughout Illinois and in St. Clair County.

59.     Defendant's unfair acts or practices offend public policy by representing that the Fruit is "in 100% fruit juice" without being accompanied by a phrase indicating that the Fruit contains the Added Ingredients. Public policy dictates that if canned or packaged fruit contains 100% juice and also contains non-juice ingredients, it must be accompanied by the phrase "with added ingredients." *See* 21 C.F.R. 145.135(a)(4)(iv)[1] and 21 C.F.R. 101.30(b)(3)[2].

---

[1] "Label declaration. Each of the ingredients used in the food shall be declared on the label as required by the applicable sections of parts 101 and 130 of this Chapter."

[2] "If the beverage contains 100 percent juice and also contains non- juice ingredients that do not result in a diminution of the juice soluble solids or, in the case of expressed juice, in a change in the volume, when the 100 percent juice declaration appears on a panel of the label that does not also bear the ingredient statement, it must be accompanied by the phrase "with added ___," the blank filled in with a term such as "ingredient(s)," "preservative," or "sweetener," as appropriate (e.g., "100% juice with added sweetener"), except that when the presence of the non- juice ingredient(s) is declared as a part of the statement of identity of the product, this phrase need not accompany the 100 percent juice declaration."

60.     Defendant's unfair acts or practices are immoral, unethical, oppressive, or unscrupulous because clandestinely adding ingredients to the Fruit without adequately disclosing the fact that the Fruit contains added ingredients does not comport with reasonable consumers' expectations to be told the truth about what they are buying and putting into their bodies, or more to the point, into the bodies of their children.  The policy requiring the Fruit to be accompanied by the phrase "with added ingredients" is to protect consumers from Defendant's unfair acts or practices.  Defendant's failure to disclose such is unethical and oppressive because they are trusted to follow the law and adequately disclose what is in its products.

61.     Defendant's unfair acts or practices leave the consumer with little alternative except to submit to it because consumers have no control over the representations Defendant puts onto the Fruit's label and packaging.

62.     Defendant's unfair acts or practices proximately caused Plaintiff and consumers actual damages, because:

a.      neither Plaintiff nor any reasonable consumer would expect to find the Added Ingredients in fruit labeled "in 100% fruit juice;"

b.      consumers purchase the product believing they will receive fruit in 100% fruit juice but they do not actually receive fruit in 100% fruit juice because of the presence of the Added Ingredients; and

c.      consumers therefore do not receive the benefit of the bargain.

63.     These damages include the purchase price of the product or the difference between what Plaintiff paid for the product and what the product was actually worth, or the price premium associated with the deceptive practice.  Because the product was not as represented, the product as sold was worth less than the product as represented, and Plaintiff and Class Members paid an

excess amount for it. Had the truth be known, consumers would not have purchased the product at all, or would have paid less for them.

64.    These damages to Plaintiff and consumers more generally are substantial, are not outweighed by any countervailing benefits to Plaintiff and consumers, and are damages the Plaintiff and reasonable consumers could not reasonably have avoided because consumers have no control over the representations Defendant puts onto the Fruit's label and packaging.

## COUNT III

### Breach of Express Warranty applicable to the Nationwide Class

65.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-45 as if fully set forth herein.

66.    Defendant made the affirmation of fact and the promise to Plaintiff and the Class Members that the Fruit is "in 100% fruit juice" guaranteeing to Plaintiff and the Class Members that the Fruit was in conformance with the representation.

67.    This affirmation of fact and promise became part of the basis of the bargain in which Plaintiff and Class Members purchased the Fruit, and Plaintiff and Class Members relied on the affirmation when making their purchasing decisions.

68.    Defendant breached its express warranty that the Fruit is "in 100% fruit juice" by providing Plaintiff and Class Members with Fruit containing the Added Ingredients.

69.    As a result of Defendant's breach of warranty, Plaintiff and the Class Members have been deprived of the benefit of their bargain in that they bought Fruit that were not what they were was represented to be, and they have spent money on Fruit that had less value than was reflected in the premium purchase price they paid for the Fruit.

70.     Because Defendant made the affirmation of fact and promise directly on its own labels and packaging, privity is not required to bring this claim.

71.     Because Defendant is the sole manufacturer and seller of the Fruit, it has actual knowledge that the Fruit are falsely labeled, and therefore pre-suit notice of this claim is not required.

72.     Nonetheless, Plaintiff has provided Defendant with written notice of its breach of warranty.

73.     As a proximate result of Defendant's breach of express warranty, Plaintiff and Class Members suffered economic damages, including the full purchase price of the Fruit or the premium paid for it.

## COUNT IV

### In the alternative, Unjust Enrichment applicable to the Nationwide Class

74.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-45 as if fully set forth herein.

75.     Plaintiff and the Class Members conferred a benefit on Defendant in that they purchased the Fruit that was manufactured, distributed, and sold by the Defendant.

76.     Defendant appreciated the benefit because, were consumers not to purchase the Fruit, Defendant would have no sales and would make no money from the Fruit.

77.     Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's misleading representation about the ingredients in the Fruit.

78.     Equity cannot in good conscience permit Defendant to be economically enriched

for such actions at Plaintiff and Class Members' expense and in violation of Illinois law, and

therefore restitution and/or disgorgement of such economic enrichment is required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays

the Court:

a.      grant certification of this case as a class action;

b.      appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel
        for both Classes;

c.      issue appropriate injunctive relief;

d.      award compensatory damages to Plaintiff and the proposed Classes or,
        alternatively, require Defendant to disgorge or pay restitution;

e.      award statutory and punitive damages to Plaintiff and the proposed Classes;

f.      award pre- and post-judgment interest;

g.      award reasonable and necessary attorneys' fees and costs to Class counsel; and

h.      for all such other and further relief as may be just and proper.


Dated: January 12, 2022             Jamie Jackson, individually and on behalf of other similarly-
                                    situated citizens of Illinois and the United States, Plaintiff


                           By:      /s/ David C. Nelson
                                    David C. Nelson (ARDC 6225722)
                                    NELSON & NELSON, ATTORNEYS AT LAW, P.C.
                                    420 North High Street, P.O. Box Y
                                    Belleville IL 62220
                                    Tel:    618-277-4000
                                    Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel:    314-258-0212
Email: matt@mattarmstronglaw.com

Stuart L. Cochran (*pro hac vice application forthcoming*)
Texas State Bar No. 24027936
COCHRAN LAW PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas, TX 75230
Tel:    972-387-4040
Email: stuart@scochranlaw.com

*Attorneys for Plaintiff and the Putative Class*

**ALIAS**

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois           )
                            ) S.S.
County of St. Clair         )

Case Number _____ 22LA0022 _____

Amount Claimed _ Over $50,000.00 _

JAMIE JACKSON,  individually
and on behalf of all other similarly
situated current citizens of Illinois
and the United States,

**VS**

DOLE PACKAGED FOODS, LLC

Plaintiff(s)                                    Defendant(s)

Classification Prefix _____ L _____ Code __ 02 __  Nature of Action _____ Tort ___ Code _ 2 _

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

Pltf. Atty. ____ David C. Nelson ____ Code 6225722  NAME  DOLE PACKAGED FOODS, LLC,
Address 420 N. High, P.O. Box Y                     Registered Agent CT Corp. System
City Belleville, IL 62222 _____ Phone 618-277-4000
Add. Pltf. Atty. _____ Code _____   ADDRESS  330 N. Brand Blvd., Ste. 700

## SUMMONS COPY

To the above named defendant(s). . . . . . :

CITY & STATE  Glendale, CA 91203

[ ] A.  You are hereby summoned and required to appear before this court at

(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

[X] B.  You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

TO THE OFFICER:
    This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

    This summons may not be served later than 30 days after its date.

WITNESS, _____ 20____

**S E A L**

*Marie Zaiz*
MARIE ZAIZ,  Circuit Clerk
5/17/2022
Nora Sternau  BY DEPUTY: _____

Clerk of Court

DATE OF SERVICE: _____ 20____
(To be inserted by officer on copy left with defendant
or other person)



I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(c) - (Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . .$ _____ |
| Total . . . . . . . . . . . . . . . . . . . .$ _____ |
| _____ |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

Electronically Filed
Marie Zaiz
Circuit Clerk
Ashley Doughty
22LA0022
St. Clair County
1/12/2022 10:40 AM
16263555



**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

JAMIE JACKSON, individually and on )
behalf of all other similarly-situated )
citizens of Illinois and the United )
States, )
                     )
       Plaintiff, )
v. )    No. 22-L-A0022
                     )
DOLE PACKAGED FOODS, LLC, )
                     )
       Defendant. )

## AFFIDAVIT OF DAMAGES

This affidavit is made pursuant to Supreme Court Rule 222(b).  Under the penalties of

perjury as provided by Section 1-109 of the Code of Civil Procedure, the undersigned certifies

that the money damages sought by Plaintiff herein do exceed $50,000.00.

Dated:  January 12, 2022          Respectfully submitted,

                By:    _David C. Nelson_

                          David C. Nelson (ARDC 6225722)
                          NELSON & NELSON, ATTORNEYS AT LAW, P.C.
                          420 North High Street, P.O. Box Y
                          Belleville, IL 62222
                          Tel:    618-277-4000
                          Email: dnelson@nelsonlawpc.com

                          Matthew H. Armstrong (ARDC 6226591)
                          ARMSTRONG LAW FIRM LLC
                          8816 Manchester Rd., No. 109
                          St. Louis, MO 63144
                          Tel:    314-258-0212
                          Email: matt@mattarmstronglaw.com

Stuart L. Cochran (*pro hac vice application forthcoming*)
Texas State Bar No. 24027936
COCHRAN LAW PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas, TX 75230
Tel:     972-387-4040
Email: stuart@scochranlaw.com

*Attorneys for Plaintiff and the Putative Class*

Electronically Filed
Marie Zaiz
Circuit Clerk
Ashley Doughty
22LA0022
St. Clair County
1/12/2022 10:40 AM
16263555

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

JAMIE JACKSON, individually and on )
behalf of all other similarly-situated )
citizens of Illinois and the United )
States, )
                          )
       Plaintiff, )
v. )    No. 22-L-A0022
                          )
DOLE PACKAGED FOODS, LLC, )
                          )
       Defendant. )

### ENTRY OF APPEARANCE

NOW COMES DAVID C. NELSON and the law firm of NELSON & NELSON,

ATTORNEYS AT LAW, P.C., and hereby enter their appearance as attorneys of record for the

Plaintiff, Jamie Jackson, in the above-entitled proceedings.

Dated: January 12, 2022          Respectfully Submitted,

By:    *David C. Nelson* _____

              David C. Nelson (ARDC 6225722)
              NELSON & NELSON, ATTORNEYS AT LAW, P.C.
              420 North High Street, P.O. Box Y
              Belleville, IL 62222
              Tel:    618-277-4000
              Email: dnelson@nelsonlawpc.com

              *Attorneys for Plaintiff and the Putative Class*

Electronically Filed
Marie Zaiz
Circuit Clerk
Ashley Doughty
22LA0022
St. Clair County
1/12/2022 10:40 AM
16263555

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

JAMIE JACKSON, individually and on behalf of all other similarly-situated citizens of Illinois and the United States,

      Plaintiff,

v.

DOLE PACKAGED FOODS, LLC,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 22LA0022

### ENTRY OF APPEARANCE

NOW COMES MATTHEW H. ARMSTRONG and the law firm of ARMSTRONG

LAW FIRM LLC, and hereby enter their appearance as attorneys of record for the Plaintiff,

Jamie Jackson, in the above-entitled proceedings.

Dated:  January 12, 2022

Respectfully Submitted,

By: _____

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
Tel:    314-258-0212
Email:  matt@mattarmstronglaw.com

*Attorneys for Plaintiff and the Putative Class*

Page 1 of 1
Case No:  22-L-

Electronically Filed
Marie Zaiz
Circuit Clerk
Ashley Doughty
22LA0022
St. Clair County
1/12/2022 10:40 AM
16263555

## CIRCUIT COURT FOR THE 20ᵀᴴ JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

JAMIE JACKSON, individually and on　　)
behalf of all other similarly-situated　　)
citizens of Illinois and the United　　　)
States,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　No. 22-L-0022
　　　　　　　　　　　　　　　　　　)
DOLE PACKAGED FOODS, LLC,　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　)

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

COMES NOW Plaintiff, Jamie Jackson, individually and on behalf of all other similarly

situated current citizens of Illinois and the United States, by and through counsel and move for

certification of classes defined as follows:

### The "Illinois Class" applicable to Count I:

All citizens of Illinois who purchased Dole brand Cherry Mixed
Fruit; Diced Apples; Diced Pears; Mandarin Oranges; Mixed Fruit;
Pineapple Tidbits; Red Grapefruit Sunrise; Tropical Fruit; and/or
Yellow Cling Diced Peaches with the label " in 100% Fruit Juice"
for personal, family, or household purposes during the five years
preceding the filing of this Complaint (the "Class Period").

### The "Nationwide Class" applicable to Counts II and III:

All current citizens of the United States who purchased Dole brand
Cherry Mixed Fruit; Diced Apples; Diced Pears; Mandarin
Oranges; Mixed Fruit; Pineapple Tidbits; Red Grapefruit Sunrise;
Tropical Fruit; and Yellow Cling Diced Peaches with the label "in
100% Fruit Juice" for personal, family, or household purposes
during the Class Period.

Excluded from the Classes are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

Section 2–801 of the Illinois Code of Civil Procedure, which is patterned after Rule 23 of the Federal Rules of Civil Procedure, sets forth the prerequisites needed to maintain a class action. *Uesco Indus., Inc. v. Poolman of Wisconsin, Inc.,* 993 N.E.2d 97, 108 (Ill. App. Ct. 2013) *citing* 735 ILCS 5/2–801 (West 2008). "Given the relationship between these two provisions, federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Id.*  Under section 2–801, a class may be certified only if the following four requirements are established: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the interests of the class; and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy." *Id.*

"To determine whether the proposed class should be certified, the court accepts the allegations of the complaint as true." *Clark v. TAP Pharmaceutical Products, Inc.,* 343 Ill.App.3d 538, 544–45, 278 Ill.Dec. 276, 798 N.E.2d 123 (2003).  "The trial court has broad discretion to determine whether a proposed class satisfies the requirements for class certification and should err in favor of maintaining class [certifications]." *Id.*

### *1. The Classes Are So Numerous that Joinder of All Members is Impracticable.*

The classes satisfy the numerosity requirement because there are at least hundreds of

people and likely thousands in the class. *See Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752,

767–68, 892 N.E.2d 78, 94 (2008) (finding 80 or 90 class members supports a finding of

numerosity.). Where there are a number of potential claimants, and the individual amount

claimed by each is small, making redress on an individual level difficult, if not impossible,

Illinois courts have been particularly receptive to proceeding on a class action basis. *Phillips v.*

*Ford Motor Co.,* No. 99-L-1041, 2003 WL 23353492, at *2 (Ill. Cir. Ct. Sept. 15, 2003).

### *2. There Are Questions of Fact and Law Common to the Classes and Common Questions Predominate Over Any Questions Affecting Only Individual Members.*

In order to satisfy the second requirement of section 2–801, namely that a common

question of fact or law predominates over other questions affecting only individual class

members, it must be shown that successful adjudication of the purported class representatives

individual claims will establish a right of recovery in other class members. *Ramirez v. Midway*

*Moving & Storage, Inc.,* 378 Ill. App. 3d 51, 54–55, 880 N.E.2d 653, 657 (2007). As long as

there are questions of fact or law common to the class and these predominate over questions

affecting only individual members of such class, the statutory requisite is met. *Id. citing Slimack*

*v. Country Life Insurance Co.,* 227 Ill.App.3d 287, 292, 169 Ill.Dec. 190, 591 N.E.2d 70 (1992).

Determining whether issues common to the class predominate over individual issues requires the

court to identify the substantive issues that will control the outcome, assess which issues will

predominate, and then determine whether these issues are common to the class. *Id.* Such an

inquiry requires the court to look beyond the pleadings to understand the claims, defenses,

relevant facts, and applicable substantive law. *Id.* Once the basic determination has been made

that a predominating common question of fact or law exists, the fact that there may be individual questions will not defeat the predominating common question." *Id.* The requirement of individual proofs should not be a bar to a class action. *Id.*

Certification require[s] only that there be either a predominating common issue of law or fact, not both. *Martin v. Heinold Commodities, Inc.,* 117 Ill.2d 67, 81, 109 Ill.Dec. 772, 510 N.E.2d 840 (1994). "A class action can properly be prosecuted where a defendant is alleged to have acted wrongfully in the same basic manner as to the entire class." *Phillips v. Ford Motor Co.,* No. 99-L-1041, 2003 WL 23353492, at *2 (Ill. Cir. Ct. Sept. 15, 2003). A common question may be shown when class members are aggrieved by the same or similar conduct. *Id.*

The common and predominate issue in this case is that Defendant made the same false, misleading, and unfair representation to each and every class member when it sold its product with the label "in 100% fruit juice" when the product contains other added ingredients. Indeed, the claims of every class member will rise or fall on the resolution of that question. See *Suchanek v. Sturm Foods, Inc.,* 764 F.3d 750, 757 (7th Cir. 2014).

### 3. *The Class Representative Will Fairly and Adequately Protect the Interests of the Classes.*

The purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. *Walczak v. Onyx Acceptance Corp.,* 365 Ill.App.3d 664, 678, 302 Ill.Dec. 920, 850 N.E.2d 357 (2006). The test to determine the adequacy of representation is whether the interests of those who are parties are the same as those who are not joined. The interest of the Plaintiff is the same as the class members because each was harmed in the same way, and each has the same interest in recovering for Defendant's false, deceptive, and unfair

labeling.

### 4. *A Class Action Is the Appropriate Method For the Fair and Efficient Adjudication of the Controversy.*

The fourth requirement for class certification is that the class action is an appropriate

method for fairly and efficiently adjudicating the controversy. *Ramirez v. Midway Moving &*

*Storage, Inc.,* 378 Ill. App. 3d 51, 56, 880 N.E.2d 653, 658 (2007). In deciding whether the

fourth requirement is met, a court considers whether a class action can best secure economies of

time, effort, and expense or accomplish the other ends of equity and justice that class actions

seek to obtain. *Id.* Where the first three requirements for class certification have been satisfied,

the fourth requirement may be considered fulfilled as well.

Because the first three requirements of class certification have been met here, so, too, has

the appropriateness requirement. Moreover, this class action can best secure economies of time,

effort, and expense or accomplish the other ends of equity and justice that class actions seek to

obtain, because no individual class member would have the resources to pursue his or her claims

absent the class mechanism, considering the amount in controversy for each claimant. *See*

*Suchanek v. Sturm Foods, Inc.,* 764 F.3d 750, 757 (7th Cir. 2014); *see also Phillips v. Ford*

*Motor Co.,* No. 99-L-1041, 2003 WL 23353492, at \*9 (Ill. Cir. Ct. Sept. 15, 2003) ("The

evidence presented to the Court supports the conclusion that, not only is a class action an

appropriate method for the fair adjudication of the disputes between Ford and the Classes, but

also that it may be the only means by which these disputes may be efficiently resolved.").

Plaintiff expressly reserves the right to amend this motion as this case progresses.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order (1) certifying

the classes as defined above; (2) appointing Plaintiff Jamie Jackson as Class Representative; (3)

appointing David C. Nelson, Matthew H. Armstrong, and Stuart L. Cochran as Co-Class

Counsel, (4) and for such further relief as the Court determines fair and just.

Dated: January 12, 2022     Jamie Jackson, individually and on behalf of other similarly-situated citizens of Illinois and the United States, Plaintiff

           By: */s/ David C. Nelson*
             David C. Nelson (ARDC 6225722)
             NELSON & NELSON, ATTORNEYS AT LAW, P.C.
             420 North High Street, P.O. Box Y
             Belleville IL 62220
             Tel: 618-277-4000
             Email: dnelson@nelsonlawpc.com

             Matthew H. Armstrong (ARDC 6226591)
             ARMSTRONG LAW FIRM LLC
             8816 Manchester Rd., No. 109
             St. Louis MO 63144
             Tel: 314-258-0212
             Email: matt@mattarmstronglaw.com

             Stuart L. Cochran (*pro hac vice application forthcoming*)
             Texas State Bar No. 24027936
             COCHRAN LAW PLLC
             12720 Hillcrest Rd., Ste. 1045
             Dallas, TX 75230
             Tel: 972-387-4040
             Email: stuart@scochranlaw.com

             *Attorneys for Plaintiff and the Putative Class*