IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMIE JACKSON, individually and on behalf of all similarly-situated citizens of Illinois and the United States,<br><br>    Plaintiffs,<br><br>vs.<br><br>DOLE PACKAGED FOODS, LLC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   Case No. 3:22-cv-1448-DWD<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM and ORDER**

**DUGAN, District Judge:**

Plaintiff Jamie Jackson[1] brings this putative class action against Defendant Dole Packaged Foods ("Dole"),[2] alleging that Dole deceptively labeled one of its food products. Jackson claims that the labeling was false and intended to deceive the consumer in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.* and common law express and implied warranties of merchantability, and resulted in unjust enrichment.

Dole filed a motion to dismiss the complaint. (Docs 22 and 23). Dole contends that the Complaint should be dismissed with prejudice under Rule 12(b)(6) because it fails to

---

[1] Plaintiff is a citizen of Illinois. (Doc. 1, p. 4).
[2] Dole is a limited liability company organized under the laws of the State of California with its principal place of business located in California. Accordingly, Dole is a citizen of California for purposes of determining CAFA jurisdiction. (Doc. 1, p. 4).

plausibly allege facts to support an ICFA claim under the "reasonable consumer" standard. Dole also contends that Plaintiff's claims relating to products she did not purchase, as well as her request for injunctive relief, must be dismissed for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1)

The motion has been fully briefed and is ripe for decision. (Docs. 22, 23, 29, and 32).[3]

## I. FACTUAL BACKGROUND

Dole manufactures and sells Fruit Bowl products. Although Plaintiff purchased only a single Dole product, she takes issue with nine of Dole's Fruit bowls: Cherry Mixed Fruit, Diced Apples, Diced Pears, Mandarin Oranges, Mixed Fruit, Pineapple Tidbits, Red Grapefruit Sunrise, Tropical Fruit, and Yellow Cling Diced Peaches (collectively, the "Products").

The Products are labeled "in 100% fruit juice." Below is an image of the one of the Products as depicted in the Motion to Dismiss:

**Front of Product**           **Back of Product**

  

---

[3] The Court has also reviewed the supplemental authority filed by Plaintiff. (Doc. 31-1).

Jackson alleges that the "in 100% fruit juice" label is deceptive, unfair, misleading, and false, because it "leads Illinois and United States customers to believe that the juice in the container is in fact 100% fruit juice and contains no other added ingredients." (Doc. 1-1, pg. 2). According to Plaintiff, the claim is not true because, as revealed by the list of ingredients, the Products also contain ascorbic acid and citric acid, which Plaintiff describes as "added ingredients." According to Plaintiff, the presence of ascorbic acid and citric acid in the Products contravenes Dole's representations that the Products contain fruit "in 100% fruit juice." Plaintiff alleges that she was damaged because she paid a premium for the product, believing it contained only fruit and fruit juice.

Dole contends that the 100% fruit juice label does not indicate to the reasonable consumer that the product will not contain added ascorbic acid or citric acid. Rather, reasonable consumers understand this statement to mean that the medium in which the fruit is packed is "100% fruit juice" as opposed to water, syrup, gelatin, or some other substance – as is common in alternative products that are typically present on the same grocery store shelves. (Doc. 23, pg. 6). Dole also argues that Plaintiff failed to allege any facts plausibly suggesting that the presence of minute amounts of ascorbic acid and citric acid would be material to reasonable consumers. *Id*.

## II. SUBJECT MATTER JURISDICTION

### A. Plaintiff's Standing as to Products She Did Not Buy.

Defendant moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and alleges that Plaintiff lacks standing to bring suit based upon

the representations appearing on the labels of products she did not buy. Specifically, Jackson alleges that she purchased only one of nine different Dole Fruit Bowl® Products, Dole Mixed Fruit, yet she proposes classes for Illinois and Nationwide class members to assert claims relative to the unpurchased products. Plaintiff responds to Defendant's motion by asserting a majority of the courts hold that a plaintiff may have standing to assert claims for unnamed class members based on products she did not buy so long as the products and alleged misrepresentations are substantially similar. (Doc. 29 at 16)

A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction. Article III standing is a question of subject matter jurisdiction and requires that the plaintiff prove that she has suffered an injury in fact, that is fairly traceable to the conduct of the defendant, and that is likely to be redressed by a favorable decision. See *Spokeo Inc. v Robins*, 578 U.S. 330, 338 (2016). To qualify for standing, a claimant must present an injury caused by the defendant that is concrete, particularized, and actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Under Article III, a federal court may resolve only "a real controversy with real impact on real persons." *American Legion v. American Humanist Assn.*, 139 S.Ct. 2067, 2103, 204 L.Ed.2d 452 (2019) The requirement that a claimant have "standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, at 560–561, 112 S.Ct. 2130. For there to be a case or controversy under Article III, the plaintiff must have a " 'personal stake' " in the case—in other words, standing. *TransUnion LLC v. Ramirez,* 210 L. Ed. 2d 568, 141 S. Ct. 2190, 2203 (2021). And it is the burden of the plaintiff to demonstrate that she has a personal stake in the outcome of the case. *Lujan*, at 2136.

4

Here, Plaintiff alleges that she is the purchaser of Defendant's Mixed Fruit. (Doc. 1-1, pg. 3). Jackson does not allege that she purchased any of the other eight packaged Dole Fruit Bowls®. (Doc. 1-1 pg. 1). Notwithstanding, she argues that the Dole Mixed Fruit is "substantially similar" to the other eight Dole fruit products and that the label for each has the identical representation "in 100% fruit juice." Here, there is no dispute the Dole Fruit Bowl line contains very similar products (a variety of fruits) in similar packaging that use apparently highly similar (if not, identical) language that the Plaintiff claims to be deceptive. But despite the similarities, she has not demonstrated that she has a personal stake in the outcome of any litigation regarding any product except the Mixed Fruit product. More to the point, the problem with the Plaintiff's argument is that she has not plausibly pled the existence of a "case or controversy" arising from her purchase of any Dole product other than the Mixed Fruit. Substantially similar or not, she does fail to allege that any of the other eight Dole products caused her harm or created an "injury in fact." And, Plaintiff does not point to any authority to suggest that Rule 23 abrogates the principle that Article III judicial power exists "only to redress or protect against injury to the complaining party, even though the court's judgment may benefit others collaterally." *Warth v Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197 (1975).

Here, Jackson's allegations do not clear the "irreducible constitutional minimum of Article III." *Lujan* at 560. And, this Court is unwilling to read into the "case and controversy" requirement of Section 2 of Article III to the United States Constitution a "substantially similar" exception so as to allow Plaintiff to maintain claims when she has no "injury in fact" that are traceable to representations made on Fruit Bowls she did not

5

purchase.[4] See *Weaver v Champion Petfoods USA Inc.* 3 F. 4th 927 (Finding no standing where Plaintiff's alleged injury relating to products he did not buy that were similar to those he had bought.). *See also Payton v. Cnty. of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) ("[A] person cannot predicate standing on injury he does not share. Standing cannot be acquired through the back door of a class action.") (Citing *Allee v Medrano*, 416 U.S. 802, 828-829 (1974)). Accordingly, the Court finds that Plaintiff lacks standing and, consequently, this Court lacks subject matter jurisdiction to consider Plaintiff's claims as to the following Dole Fruit Bowls®: Cherry Mixed Fruit, Diced Apples, Diced Pears, Mandarin Oranges, Pineapple Tidbits, Red Grapefruit Sunrise, Tropical Fruit and Yellow Cling Diced Peaches.

**B. Injunctive Relief**

Dole argues that Jackson lacks standing to seek injunctive relief because she is now aware of the allegedly deceptive nature of the label. A plaintiff must meet three requirements to establish that she has standing to bring a lawsuit: (1) injury in fact, (2) a causal connection between the injury and the defendant's conduct, and (3) redressability. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "[T]o establish injury in fact when seeking prospective injunctive relief, a plaintiff must allege a 'real and immediate' threat of future violations of their rights . . . ." *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)); *see*

---

[4] Prudential concerns and potential Rule 23 issues may also stand in the way of permitting Jackson to represent potential members of a class to which she herself currently does not belong or to maintain claims that are different from those of other potential members. See generally *Valley Gorge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 102 S.CT.752 (1982)

also *Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 909 N.E.2d 848, 858 (Ill. App. Ct. 2009) ("To be eligible for injunctive relief under the Deceptive Practices Act, a plaintiff must show the defendant's conduct will likely cause it to suffer damages in the future.").

Dole allegedly injured Jackson by using a label that actually deceived her. However, now that she is aware of the deception, it is unlikely Jackson will be duped again. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) ("Since [plaintiff] is now aware of [defendant's] sales practices, [plaintiff] is not likely to be harmed by the practices in the future."). Even if Jackson intends to purchase the Products again, she does not face an imminent threat of future harm. Merely purchasing one of the Products does not trigger Jackson's injury. Her injury lies in purchasing one of the Products under the influence of a deceptive label. There is no chance she will be misled again because she now knows a quick look at the ingredients label will reveal the Product's true composition. Therefore, the complaint fails to allege a real and immediate threat of future violations of her rights. Jackson's claims are due to be dismissed to the extent they seek injunctive relief.

### III. MOTION TO DISMISS STANDARD

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing

7

that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Twombly,* 550 U.S. at 555 and quoting FED. R. CIV. P. 8(a)(2)). The court will accept all well-pleaded allegations as true. *Iqbal,* 556 U.S. at 678. However, the court will not accept legal conclusions as true. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011) (citing *Iqbal,* 556 U.S. at 677–78). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Arnett,* 658 F.3d at 751–52 (internal quotations and citation omitted).

## IV. ANALYSIS

### A. The Illinois Consumer Fraud and Deceptive Business Practices Act

ICFA safeguards "consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Siegel v. Shell Oil Co.,* 612 F.3d 932, 934 (7th Cir. 2010) (internal citation and quotation marks omitted). To state an ICFA claim, a plaintiff must allege "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Id.* Further, "a complaint 'must plead sufficient acts or facts relied upon to establish the fraud', and fraud must be a necessary or probable inference from the facts alleged." *People ex rel. Hartigan v. E & E Hauling, Inc.,* 607 N.E.2d

8

165, 174 (Ill. 1992) (internal citation and quotation marks omitted).

Here, the parties primary dispute involves the first element: whether Dole engaged in deceptive or unfair acts or practices. To sufficiently allege deceptive conduct, a plaintiff must allege conduct that plausibly could deceive a reasonable consumer in light of all the information available to the consumer. *See Phillips v. DePaul Univ.*, 19 N.E.3d 1019, 1031 (Ill. App. Ct. 2014). Accordingly, the question is "whether the allegedly false and misleading statements can be read to create a likelihood of deception or to have the capacity to deceive" a reasonable consumer. *Bober v. Glaxo Wellcome PLC*, 246 F.3d, 934 938 (7th Cir. 2001). To clear this bar, Jackson's pleadings must establish "a probability that a significant portion of the general consuming public…, acting reasonably in the circumstances, could be misled." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (internal citations and quotation marks omitted). *See also*, *Ebner*, 838 F.3d at 965 (there must be "more than a mere possibility that [a] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.").

The reasonable consumer standard requires a "practical and fact-intensive approach to consumer behavior." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 478 (7th Cir. 2020). Thus, how reasonable consumers would interpret an ambiguous food label is typically a question of fact that should not be decided on the pleadings. *See id.* at 483. But "a court may dismiss the complaint if the challenged statement was not misleading as a matter of law." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015) (citing *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 940 (7th Cir. 2001)). *Bell*, supra, provides the

9

necessary guidance.

The issue presented in *Bell* was whether the phrase "100% Grated Parmesan Cheese" was deceptive in the sense that reasonable consumers could be misled to believe that the product contained only cheese. The Court determined that it has "no quarrel with defendants' ability to call their products "grated cheese." The problem lies in the "100%," especially since the pleadings provide reason to think that consumers understand "100% grated cheese" to mean that the cheese does not have additives." *Bell* at 481.

Here the added ingredients are ascorbic acid and citric acid, both of which, unlike the additives at issue in *Bell*, naturally occur in fruits albeit in allegedly different concentrations.[5] Plaintiff claims that the ascorbic acid is commercially manufactured and is used as an antioxidant added to control the growth of micro-organisms and, therefore, a preservative. (Doc. 1-1, Pg. 2) Citric acid is also a commercially manufactured food additive in processed foods as a pH adjuster and flavor agent. *Id.* Much can be said about whether increasing or changing the concentrations of naturally occurring components of a fruit product renders it something other than 100%, but whether the Plaintiff has pleaded her claim sufficiently does not turn on linguistics or theoretical pontifications of the meaning of the phrase used. Rather, "[w]hat matters here is how consumers behave —how they perceive advertising and how they make decisions". *Bell* at 481. And this Court cannot say as a matter of law that a substantial portion of reasonable consumers

---

[5] The Court is not unmindful of the difficulty with a plaintiff essentially claiming that increase in concentration of a naturally occurring compound (water for example) in a product can be the source of a misrepresentation for purposes of ICFA. Still, even increased concentrations of water, which naturally occurs in all fruits, dilutes the naturally substantive part of the product thus raising the issue of whether "100%" is indeed a misrepresentation and, therefore, not properly decided on a 12(b)(6) motion, particularly in light of the teachings of *Bell*.

are not deceived by the claim made by Defendant in its labeling of the product.

### B. Breach of Warranty and Unjust Enrichment Claims

Plaintiff brings claims for common law express and implied warranties. To proceed on an Illinois claim for breach of express warranty Plaintiff must sufficiently plead that the defendant: "(1) made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) guaranteed that the goods would conform to the affirmation or promise." *Kmak v. Sorin Grp. Deutschland GmbH*, 2017 WL 8199974, at *5 (N.D. Ill. Dec. 12, 2017). In a claim for breach of an implied warranty, plaintiff must allege that "(1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect. *Baldwin v. Star Scientific, Inc.*, 78 F. Supp. 3d 724, 741 (N.D. Ill. 2015).

The Defendant moves to dismiss Plaintiff's breach of warranty claims with little argument such that its contention is largely undeveloped. Rather, Defendant makes the bare statement that "no reasonable consumer believes that "in 100% fruit juice" on the label of these Products means — or is a warranty that — the Products do not contain ascorbic or citric acids." (Doc. 23 at 17). First, it is apparent from Plaintiff's Complaint that the basis for her claims is that the product contains *added* ingredients of ascorbic or citric acids, not that the Defendant represents that the product does not contain those compounds. (See Doc. 1-1 at 2) Second, as described above, the Plaintiff has plausibly pled for the purposes of the instant motion that a substantial portion of reasonable

11

consumers may be misled by Defendant's labeling.

Of course, Plaintiff cannot proceed with a claim for unjust enrichment if she has failed to successfully plead an underlying deceptive act under ICFA. *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) ("[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim."); *Avon Hardware Co. v. Ace Hardware Corp.*, 998 N.E.2d 1281, 1287–88 (Ill. Ct. App. 2014) (fraud and negligent misrepresentation claims require false statement). Here too Defendant makes little argument for its proposition that the unjust enrichment claim should be dismissed, except to say that since Plaintiff's ICFA claims fail, so must her unjust enrichment claim. But since the Plaintiff has plausibly pled her ICFA claims, her unjust enrichment claim also survives the motion to dismiss.

## V. CONCLUSION

For these reasons, and having given consideration to the parties' arguments, the Court **GRANTS in part and DENIES in part** the Motion to Dismiss filed by Defendant Dole Packaged Foods, LLC, (Doc. 22). The **GRANTS** Dole's motion with regard to Jackson's Claim for injunctive relief and her claims relative to Dole Fruit Bowls®: Cherry Mixed Fruit, Diced Apples, Diced Pears, Mandarin Oranges, Pineapple Tidbits, Red Grapefruit Sunrise, Tropical Fruit and Yellow Cling Diced

Peaches.  Dole's motion is otherwise **DENIED** as to her claims relative to the Dole Fruit Bowl – Mixed Fruit.

In light of the Court's ruling herein, the Motion to Stay Discovery (Doc. 30) is **DENIED**.

**SO ORDERED.**
Dated: December 30, 2022

DAVID W. DUGAN
United States District Judge